# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARY KILBY,

                Petitioner,           :    Case No. 3:14-cv-317

    - vs -                            District Judge Walter Herbert Rice
                                        Magistrate Judge Michael R. Merz

MONTOMGERY COUNTY COURT OF
 COMMON PLEAS, JUVENILE DIVISION,
                              :
              Respondent.

---

# REPORT AND RECOMMENDATIONS

---

       This is an action pursuant to 28 U.S.C. §2241 for a writ of habeas corpus.  Petitioner seeks relief on Double Jeopardy grounds from an impending trial in the Juvenile Division of the Court of Common Pleas of Montgomery County, Ohio  (Case No. J. C. 2011-9469).

       The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Assignment and Reference.  The parties have declined to unanimously consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case therefore requires a report and recommended disposition by the assigned magistrate judge.

       Upon preliminary consideration pursuant to Rule 4 of the Rules Governing §2254 Cases, which the Court determined would be applied here in this § 2241 case, the Court found it did not plainly appear from the face of the Petition that the Petitioner was not entitled to relief in this Court and Respondent was ordered to answer the Petition and file "those portions of the state

court record needed to adjudicate this case, accompanied by an index of the documents in the record. (Doc. No. 2, PageID 17).

In response, Respondent filed a copy of the record only from the Juvenile Division case (Doc. No. 6, PageID 32-129) and not the record from the General Division case against Ms. Kilby that gives rise to the Double Jeopardy claim. Petitioner does not complain of this omission and the Court is able to access the General Division case (Case No. 2011 CR 03826/04) from the Montgomery County Clerk of Courts website to the extent necessary. The Court will proceed in that way rather than delay decision of the case to await supplementation of the record. However, if either party objects to this Report, Respondent shall supplement the record here with the General Division file not later than ten days after any objection is filed.

This Court has subject matter jurisdiction of this case under 28 U.S.C. § 2241(c)(3) by virtue of Ms. Kilby's allegation that she is being held for trial in violation of Constitution of the United States. She is sufficiently in custody to invoke our habeas jurisdiction because she is free on a personal recognizance bond as she alleges and Respondent does not deny (Doc. No. 6-1, PageID 126). *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984); *Hensley v. Municipal Court,* 411 U.S. 345 (1973); *Lawrence v. 48th District Court*, 560 F.3d 475, (6th Cir. 2009); *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989).

The Supreme Court has held that the Double Jeopardy Clause protects against a second trial, not just against conviction at a second trial. *Abney v. United States,* 431 U.S. 651 (1977). For that reason, a double jeopardy claim is cognizable in federal habeas corpus prior to the "second" trial. *Justices of the Boston Municipal Court v. Lydon,* 466 U.S. 294 (1984); *Reimnitz v. State's Attorney of Cook County,* 761 F.2d 405, 408 (7th Cir. 1985); *Malinovsky v. Court of Common Pleas of Lorain County*, 7 F.3d 1263 (6th Cir. 1993). To put it another way, a habeas

2

petitioner with a double jeopardy claim is not required to exhaust the remedy of direct appeal

from a verdict at a second trial before invoking our habeas jurisdiction. The Sixth Circuit

reaffirmed these principles and specifically affirmed a district court's granting of a stay of Ohio

Common Pleas Court proceedings pending decision on a pre-trial double jeopardy habeas

petition in *Harpster v. Ohio*, 128 F.3d 322 (6th Cir. 1997).

**Procedural History**

On November 17, 2011, Ms. Kilby was indicted by a Montgomery County grand jury in

two counts:

> **NINTH COUNT:**
>
> AND, the grand jurors of this County, in the name and by the authority of the State of Ohio, upon their oaths, do find and present that: MARY K. KILBY, between the dates of MARCH 17, 2010 THROUGH MARCH 1, 2011 In the County of Montgomery aforesaid, and State of Ohio, did recklessly fail to provide a functionally impaired person to wit MAKAYLA NORMAN, under the caretaker's care with any treatment, care, goods, or service that was necessary to maintain the health or safety of the functionally impaired person and this failure by the defendant resulted in serious physical harm to the functionally Impaired person; contrary to the form of the statute (in violation of Section 2903;16(8) of the Ohio Revised Code) in such case made and provided and against the peace and dignity of the State of Ohio.
>
> **TENTH COUNT:**
>
> AND the grand jurors of this County, in the name and by the authority of the State of Ohio, upon their oaths, do find and present that: MARY K. KILBY on or about  FEBRUARY 24, 2011 in the County of Montgomery, aforesaid, and State of Ohio, who was acting in an. official or professional capacity and knew, or had reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that a child under 18 years of age or a mentally retarded, developmentally

disabled, or physically impaired child under 21 years of age, to wit: MAKAYLA NORMAN, had suffered or faced a threat of suffering any physical or mental wound, injury, disability, ·or condition of a nature that reasonably indicated abuse or neglect of the child, did fail to immediately report that knowledge or reasonable cause to suspect to the appropriate entity or persons, to wit: the public children services agency or a municipal or county peace officer in the county in which the child resided or in which the abuse or neglect was occurring, and that said child did suffer or faced the threat of suffering the physical or mental wound, injury, disability, or condition that would be the basis of the required report when the child was under the direct care or supervision of the offender who was then acting In the offender's official or professional capacity or when the child was under the direct care or supervision of another person over whom the offender while acting in the offender's official or professional capacity had supervisory control; contrary to the form of the statute (in violation of Section 2151.421(A)(1)(a) and 2151.99{C)(2) of the Ohio Revised Code) in .such case made and provided, and against the peace and dignity of the State of Ohio.

(Indictment, Doc. No. 7-1, PageID 151-52.)

Apparently it was quickly realized that the Juvenile Division has exclusive jurisdiction of charges of failure to report child abuse. Therefore, the prosecutor on November 21, 2011, filed a Complaint in the Juvenile Division in Case No. J.C. 2011-9469 charging Ms. Kilby with a failure to report child abuse as follows:

The complainant being first duly sworn says that on or about the 25th day of February 2011 in the County of Montgomery, in the State of Ohio, one Mary K. Kilby, who was acting in an official or professional capacity and knew, or had reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that a child under eighteen years of age or a mentally retarded, developmentally disabled, or physically impaired child under twenty-one years of age, to wit: MAKAYLA NORMAN, had suffered or faced a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicated abuse or neglect of the child, did fail to immediately report that knowledge or reasonable cause to suspect to the appropriate entity or persons, to wit: the public children services agency or a municipal or county peace officer in the county in which the child resided or in which the abuse or neglect

4

was occurring, and that said child did suffer or faced the threat of suffering the physical or mental wound, injury, disability, or condition that would be the basis of the required report when the child was under the direct care or supervision of the offender who was then acting in the offender's official or professional capacity or when the child was under the direct care of supervision of another person over whom the offender while acting in the offender's official or professional capacity had supervisory control; contrary to the form of the statute (in violation of Section 2151.421 (A)(1)(a) and 2151.99 (C)(2) of the Ohio Revised Code); in such case made and provided, and against the peace and dignity of the State of Ohio.

(Doc. No. 6-1, PageID 128.)

Judge Huffman, the General Division Judge to whom Case No. 2011 CR 03826/04 was assigned, then dismissed Count 10 of the Indictment without prejudice and on the State's motion (Termination Entry of November 23, 2011, Doc. No. 7-1, PageID 155).

In response to a motion to dismiss Count 9, the prosecutor obtained a new indictment for failure to provide services that charged Ms. Kilby acted knowingly as opposed to recklessly. On September 14, 2012, Ms. Kilby pled no contest to both counts (Waiver, Doc. No. 7-1, PageID 158). Judge Huffman then merged the two counts and on October 25, 2012, sentenced Ms. Kilby to five years of community control (Answer, Doc. No. 7, PageID 131, ¶ c.)

Several days later Ms. Kilby orally moved to dismiss the Juvenile Division case on the grounds conviction in that case is barred by the Double Jeopardy Clause (Entry, Doc. No. 6-1, PageID 104). Ms. Kilby's written Motion to Dismiss was filed November 20, 2012 (Doc. No. 6-1, PageID 82-89). Judge Capizzi granted the Motion to Dismiss February 7, 2013 (Entry and Order, Doc. No. 6-1, PageID 56-63). The State appealed and the Second District Court of Appeals reversed. *State v. Kilby,* 2013-Ohio-5340, 2013 Ohio App. LEXIS 5559 (Donovan, J.). On May 14, 2014, the Supreme Court of Ohio declined to exercise jurisdiction over Ms. Kilby's further appeal. *State v, Kilby,* 138 Ohio St. 3d 1493 (2014). The Second District remanded the

5

case to the Juvenile Division and Ms. Kilby filed her Petition here on September 25, 2014 (Doc. No. 1).

# Analysis

**Standard of Review**

As its Third Defense, Respondent pleads "[t]he granting of the writ sought by the Petition is prohibited by 28 U.S.C. § 2254(d)." (Answer, Doc. No. 7, PageID 132).  Petitioner responds that the deferential standard of review provided in § 2254(d) applies only to cases where a habeas petitioner is confined "pursuant to the judgment of a state court" (Reply, Doc. No. 11, PageID 212, quoting the statute).  Petitioner relies on *Phillips v. Ct. C.P. Hamilton County,* 668 F. 3d 804 (6th Cir. 2012); and *Christian v. Wellington,* 739 F.3d 294 (6th Cir. 2014).

The State responds that, because "the legal status of Petitioner's custody has been reviewed and upheld pursuant to the judgment of state court," the Petition is appropriately reviewed under § 2254(d)(Sur-reply, Doc. No. 13, PageID 220-21).

Respondent's argument is directly contrary to the holding of *Phillips, supra.*  There the Sixth Circuit reversed this Court's application of § 2254(d) to a pretrial detention habeas corpus case brought under 28 U.S.C. § 2241.  The court held:

> Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  One section of the habeas statute — section 2254 — concerns habeas relief available to a subset of petitioners: those "in custody *pursuant to the judgment of a State court* . . . ." *Id.* § 2254(a) (emphasis added). Although Phillips remains "in custody," his

custody is not "pursuant to the judgment of a State court." Rather, he is in custody *pursuant to an indictment*. Section 2254, therefore, by its own terms, does not apply to Phillips's petition, and it would be error to apply § 2254 here. We have long recognized that pretrial detainees pursue habeas relief instead under § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

Our review of state court decisions differs significantly depending on which section of the habeas statute applies. For habeas petitions filed under § 2254, we may not grant relief on the basis of an incorrect factual determination by a state court unless the determination was "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). And where habeas relief under § 2254 is predicated on a state court's alleged misapplication of the law to the facts, federal relief is prohibited unless the application of Supreme Court precedent was "unreasonable." *Id*. § 2254(d)(1). Congress imposed these standards when it passed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and they are intended to be difficult to meet. *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011).

The standards that apply to § 2241 petitions, by contrast, are significantly less demanding. The First, Fifth, Ninth, and Tenth Circuits have concluded that the deference that § 2254(d) requires never applies to habeas petitions brought by pretrial detainees under § 2241, and no circuit to our knowledge has held otherwise. *See Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011); *Walck v. Edmondson*, 472 F.3d 1227, 1234-35 (10th Cir. 2007); *Stow v. Murashige*, 389 F.3d 880, 885-86 (9th Cir. 2004); *Gonzalez v. Justices of Mun. Ct. of Boston*, 382 F.3d 1, 6-7 (1st Cir. 2004), *judgment vacated on other grounds*, 544 U.S. 918, 125 S. Ct. 1640, 161 L. Ed. 2d 474 (2005). As the Fifth Circuit recently stated in *Martinez*, "[t]he deferential standard afforded to state court decisions, which is specifically articulated in § 2254, is not included in the text of § 2241." 644 F.3d at 242. Furthermore, AEDPA significantly amended § 2254(d) but left untouched § 2241, and courts operate on the assumption that "'Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.'" *Id*. (quoting *City of Chicago v. Env't Def. Fund*, 511 U.S. 328, 338, 114 S. Ct. 1588, 128 L. Ed. 2d 302 (1994)). We agree with our sister circuits and hold that habeas petitions governed by § 2241 are not subject to the heightened standards contained in § 2254(d). Accordingly, we must conduct a de novo review of the state court proceedings in

>addressing Phillips's petition. *See Martinez*, 644 F.3d at 242;
>*Walck*, 472 F.3d at 1235.

668 F.3d 809-10 (footnotes omitted). *Phillips* is directly in point and controlling law. Therefore this Court must conduct a de novo review of the Double Jeopardy claim.

### *Younger* Abstention and Lack of Exhaustion

Respondent pleads that, "[t]o the extent that she advances a different claim than that presented to the state courts, Petitioner has failed to fully exhaust her claims." (Fifth Defense, Answer, Doc. No. 7, PageID 132.) Respondent does not elaborate this argument by stating any way in which the State contends Petitioner's claims made here differ from those made in the state courts.

The Magistrate Judge concludes Petitioner has exhausted available state remedies. She sought and received a dismissal on Double Jeopardy grounds from Judge Capizzi. When the State successfully appealed that decision, Ms. Kilby sought review by the Ohio Supreme Court which declined to review the case. The State has not established lack of exhaustion.

In the Sur-reply, the State argued the Court should abstain from exercise of jurisdiction in this case under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989).; *Ohio Civil Rights Com. v. Dayton*

*Christian Schools, Inc.*, 477 U.S. 619 (1986).

Pending state criminal charges are the core case for *Younger* abstention, but Respondent presents no authority applying *Younger* to prevent pretrial determination in habeas of a Double Jeopardy claim. Recall that the Double Jeopardy Clause protects against a second trial, not just against conviction at a second trial, *Abney*, *supra*, and for that reason, a double jeopardy claim is cognizable in federal habeas corpus prior to the "second" trial. *Lydon,supra*; *Reimnitz,supra*; *Malinovsky*, *supra*.

The Sixth Circuit reaffirmed these principles and specifically affirmed a district court's granting of a stay of Ohio Common Pleas Court proceedings pending decision on a pre-trial double jeopardy habeas petition in *Harpster v. Ohio*, 128 F.3d 322 (6th Cir. 1997). Respondent argues *Harpster* was premised on the unavailability in Ohio of appellate review of a denial of a Double Jeopardy claim, claiming that obstacle has now been removed by the decision in *State v. Anderson,* 138 Ohio St. 3d 264 (2014)(Sur-Reply, Doc. No. 13, PageID 219).

In *Harpster*, the Sixth Circuit reiterated its holding in *Gully v. Kunzman,* 592 F.2d 283 (6th Cir. 1979), that to obtain pre-trial federal adjudication of a double jeopardy claim, a petitioner must show that the claim has been rejected in the state trial court and there is no right to interlocutory appeal. *Id.* at 287. As of the time of the *Phillips* case, at least, that was the law in Ohio. *Wenzel v. Enright*, 68 Ohio St. 3d 63 (1993); *State v. Crago*, 53 Ohio St. 3d 243, 244 (1990). However, in *Anderson, supra*, the Ohio Supreme Court interpreted 1998 revisions to Ohio Revised Code § 2505.02 to determine that denial of a motion to dismiss on double jeopardy grounds was now subject to interlocutory appeal in Ohio. This undercuts an essential premise of the *Harpster* decision.

In *Abney v. United States*, 431 U.S. 651 (1977), the Supreme Court held that a denial by a

district court in a federal prosecution of a pretrial motion to dismiss on double jeopardy grounds was immediately appealable under the collateral order exception to the final judgment rule embodied in 28 U.S.C. § 1291. This exception was found necessary to protect the Fifth Amendment protection against being put twice in jeopardy for the same offense:

> [T]he guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction. Mr. Justice Black aptly described the purpose of the Clause:
>
>> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.
>
> *Green [v. United States,* 355 U.S. 184] at 187-188.
>
> Accord, *Breed* v. *Jones,* 421 U.S. 519, 529-530 (1975); *Serfass* v. *United States,* 420 U.S. 377, 387-388 (1975); [*United States v. Jorn,* [400 U.S. 470,]. . . 479. Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to "run the gauntlet" a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.

*Id.* at 661-62 (footnote omitted).

In the context of its own jurisdiction under 28 U.S.C. § 1257, the Supreme Court had

previously held that a state supreme court's final rejection of a double jeopardy claim was sufficiently final to allow United States Supreme Court review of the claim.  *Abney*, 431 U.S. at 660, citing *Harris v. Washington,* 404 U.S. 55 (1971); *Turner v. Arkansas,* 407 U.S. 366 (1972); and *Colombo v. New York*, 405 U.S. 9 (1972).

Based on *Abney*, this Court concludes it should not stay this case pending exhaustion,[1] much less abstain under *Younger*.  In *Laswell v. Frey*, 45 F.3d 1011 (6th Cir. 1995), the court upheld federal habeas consideration of a double jeopardy claim pretrial following *Lydon, supra*:

> Because the [Double Jeopardy] Clause "protects interests wholly unrelated to the propriety of any subsequent conviction," . . . a requirement that a defendant run the entire gamut of state procedures, including retrial, prior to the consideration of his claim in federal court, would require him to sacrifice one of the protection of the Double Jeopardy Clause.

*Lydon*, 466 U.S. at 303.

## Merits Analysis

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.   And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  The Double Jeopardy Clause was held to be applicable to the States through the

---

[1] A habeas court facing a constitutional claim unexhausted in the state courts has authority to stay the habeas case pending exhaustion.  *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

Ms. Kilby relies on a portion of *Brown* in which the Supreme Court held "where . . . a person has been convicted for a crime which has various incidents in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." (Petition, Doc. No. 1, PageID 7, quoting *Brown*, 432 U.S. at 168.)  Petitioner's theory is that the State, in charging and convicting her of failing to provide services to Makayla Norman, included failing to report Makayla's condition, an allegation included in the bill of particulars in the felony case. *Id.* at PageID 10.  Despite the inclusion of this conduct in the bill of particulars, Ms. Kilby notes the State on appeal from Judge Capizzi's dismissal "argued . . . that the felony prosecution was based solely upon a failure to provide direct, hands-on physical care to Makayla." *Id.* at PageID 11.

Ohio Revised Code § 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In reversing Judge Capizzi's decision, the Second District Court of Appeals confined its analysis to Ohio case law interpreting this statute.  It noted its own prior decision in *State v. Bridgeman*, 2011-Ohio-2680, 2011 Ohio App. LEXIS 2291 (2nd Dist. June 3, 2011), where it interpreted the currently leading case on Ohio Revised Code § 2941.25 from the Ohio Supreme Court, *State v. Johnson*, 128 Ohio St. 3d 108, 2010-Ohio-6301 (2010).

12

The Second District found the parenthetical in the bill of particulars regarding failure to report was "merely an incidental reference" and does not "establish[ ] that the misdemeanor offense [failure to report] is encompassed by the felony, such that double jeopardy attaches." *Kilby, supra,* ¶ 30.  It noted that Ohio Revised Code § 2903.16 "does not identify a predicate offense" and thus Judge Capizzi erred in determining that the failure to report formed the predicate for the failure to provide charge.  *Id.*  It concluded:

> **[\*P32]** Most importantly, we cannot conclude that the felony offense of which Kilby was convicted and the misdemeanor charge, pursuant to R.C. 2151.421, correspond to such a degree that Kilby's conduct in failing to personally minister care to Makayla by, for example, treating the obvious unbandaged wounds all over the child's body, constitutes a failure to make a statutorily mandated report, by telephone or in person, to a peace officer or children services, for purposes of initiating an investigation to determine the cause of and responsibility for Makayla's evident neglect. In other words, the offenses are not of similar import but rather were committed by distinct instances of failing to act, namely as Makayla's case manager of her personal caretakers, and separately as a statutorily mandated reporter. This conclusion is buttressed by the fact that R.C. 2903.16 did not require Kilby to make a report regarding Makayla's abuse or neglect, while R.C. 2151.421 mandated that she make such a report. One is an omission in rendering medical assistance, the other a crime of omission in not contacting the appropriate authorities.

*Id.*

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other."  *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and

*Garrett v. United States*, 471 U.S. 773, 779 (1985). *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009)("The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses.")  The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself.  *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013), *citing Albernaz*, 450 U.S. at 340.  "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes."  *Volpe,* 708 F.3d at 697, *citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim.  *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014).

> What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment.  Specifically, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."

*Id*. at 211, quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

This Court cannot second guess the Second District's interpretation of *State v, Johnson*, *supra*, and its application to this case.  That is to say, whether the two crimes charged here are allied offenses of similar import under Ohio Revised Code § 2941.25 is a question of Ohio law on which the Ohio courts are entitled to the final word.  Because the Second District has determined that they are not allied offenses of similar import in this case, trying Ms. Kilby on the failure to report charge cannot violate the Double Jeopardy Clause.

This is not a matter of deference to the state courts under 28 U.S.C. § 2254(d)(1) because

in fact the Second District did not apply, reasonably or unreasonably, any clearly established Supreme Court precedent interpreting the Double Jeopardy Clause.  Rather, it determined that the Ohio General Assembly intended to permit punishment for both offenses in the factual context of this case and that determination is both binding on this Court and dispositive of Ms. Kilby's habeas corpus claim.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed on the merits with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 13, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

15

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).